# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CR-10-153-F |
| | ) |
| KENYATTA WAYNE ACEY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On July 24, 2020, the court entered an order dismissing without prejudice defendant, Kenyatta Wayne Acey's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. no. 85), filed July 23, 2020. *See*, doc. no. 86. The court found that it lacked jurisdiction to modify or reduce defendant's sentence under § 3582(c)(1)(A)(i) because defendant had failed to demonstrate that he had complied with the statute's exhaustion or 30-day requirement prior to filing his motion.

Presently before the court is defendant's Motion to Amend (doc. no. 87), filed July 30, 2020. Defendant states that he has complied with the statute's exhaustion or 30-day requirement and attaches a copy of the warden's "Response to Inmate Request to Staff," dated July 14, 2020. *See*, doc. no. 87-1  The court construes defendant's motion as a motion for reconsideration of the court's July 24, 2020 order.

Upon review, the court declines to reconsider its decision to dismiss without prejudice defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The warden's "Response to Inmate Request to Staff" indicates that defendant specifically "requested to be referred for Covid-19 Home

Confinement." Doc. no. 87-1. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, at 516 (enacted March 27, 2020), gives the Bureau of Prisons broad discretion to expand the use of home confinement during the present pandemic. However, this court does not have authority to order home confinement under the CARES Act. United States v. Read-Forbes, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) (citing United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). Only the Bureau of Prisons has authority to order home confinement.

With his motion to modify sentence, defendant was requesting the court to grant him early release from prison – a reduction of his sentence – pursuant to § 3582(c)(1)(A)(i). It does not appear from defendant's submission that he requested his warden to file, on his behalf, a motion for compassionate release/reduction in sentence pursuant to § 3582(c)(1)(A)(i).[1] A request for home confinement under the CARES Act is different than a reduction-in-sentence request based upon compassionate release. See, United States v. Allen, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020). And a defendant is authorized to bring a motion for sentence reduction under § 3582(c)(1)(A)(i) only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Because defendant has not shown compliance with the exhaustion or 30-day requirement prior to the filing of his motion to modify sentence pursuant

---

[1] Section 571.61 of Title 28 of the Code of Federal Regulations outlines the procedure for initiation of a request for a motion under 18 U.S.C. § 3582(c)(1)(A)(i). These requirements are also laid out by the Bureau of Prisons in Program Statement 5050.50.

to § 3582(c)(1)(A)(i), the court finds that it properly dismissed without prejudice defendant's motion.

Accordingly, defendant, Kenyatta Wayne Acey's Motion to Amend (doc. no. 87), filed July 30, 2020, which the court construes as a motion for reconsideration of the court's July 24, 2020 order dismissing without prejudice defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. no. 85), filed July 23, 2020, is **DENIED**.

IT IS SO ORDERED this 7th day of August, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0153p016.docx