IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) Case No. CR-10-153-F<br>-vs- )<br>)<br>KENYATTA WAYNE ACEY, )<br>)<br>Defendant. ) | |

## ORDER

On February 10, 2021, the court entered an order dismissing defendant, Kenyatta Wayne Acey's *pro se* Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), as supplemented. *See*, doc. no. 99. The court concluded that because defendant had failed to demonstrate that an extraordinary and compelling reason exists under any of the four categories identified by the Sentencing Commission policy statement, U.S.S.G. § 1B1.13 cmt n. 1, he was ineligible for a sentence reduction under § 3582(c)(1)(A). In addition, the court found it had no jurisdiction to grant defendant's request for home confinement.

The court is currently in receipt of "Defendant's Motion for Recon[s]ideration of the Court's February 10, 2021 Order (Doc 99)," filed February 18, 2021. Upon review of the motion, the court finds that no response from plaintiff, United States of America, is required.

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id*. "Specific grounds include: '(1) an intervening change in the controlling law, (2) new

evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id*. (quoting <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000)).  "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id*.

The motion for reconsideration filed by defendant does not present any circumstance that would justify reconsideration of the court's prior ruling dismissing his § 3582(c)(1)(A) motion.  Defendant does not base reconsideration of the court's February 10th order on any intervening change in controlling law, nor does he bring to light any new evidence previously unavailable to him.  Defendant seeks to revisit issues already addressed or advance arguments that could have been raised earlier.  Further, defendant has not shown the need to correct clear error or prevent manifest injustice.  The court therefore concludes defendant's motion must be denied.[1]

Accordingly, "Defendant's Motion for Recon[s]ideration of the Court's February 10, 2021 Order (Doc 99)," filed February 18, 2021, is **DENIED**.

IT IS SO ORDERED this 22nd day of February, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0153p020.docx

---

[1] In his motion, defendant points out that the court issued its dismissal order without allowing defendant an opportunity to file his reply.  The court's Local Criminal Rules do not authorize the filing of a reply with respect to post-conviction motions, *see*, LCrR 47.1(b), and the court did not grant defendant leave to file any reply prior to issuing its February 10th order.